<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>

PAUL CUFF,

      Plaintiff,

v.

ATLANTIC HEALTH SYSTEMS, INC.,
*et al.*,

      Defendants.

</td><td>

Civil Action No. 25-6251 (SDW) (CF)

**WHEREAS OPINION & ORDER**

May 15, 2026

</td></tr>
</table>

**WIGENTON, District Judge.**

      **THIS MATTER** having come before this Court upon Defendant Atlantic Health Systems, Inc.'s ("Defendant" or "Atlantic Health") Motion to Dismiss, (D.E. 11 ("Motion")), Plaintiff Paul Cuff's ("Plaintiff") Second Amended Complaint,[1] (D.E. 9-1), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).  Venue is proper pursuant to 28 U.S.C. § 1391; and

      **WHEREAS** on or about March 16, 2025, Plaintiff was on the phone with an unnamed Atlantic Health employee (hereinafter, "Robin Roe 1") when he heard Robin Roe 1 mock his speech impediment[2] in front of other unnamed Atlantic Health employees.  (D.E. 9-1 at 3–4.)

---

[1] Plaintiff filed an initial Complaint on May 30, 2025, only to attempt to amend it on September 11, 2025. (D.E. 1, 6.)  Plaintiff's First Amended Complaint was stricken for failure to comply with Federal Rule of Civil Procedure 15(a)(1).  (D.E. 7.)  Thereafter, Plaintiff sought and was granted leave to file his Second Amended Complaint, which is the operative pleading at this juncture.  (D.E. 9 (seeking leave); 10 (granting leave to file Second Amended Complaint).)

[2] Plaintiff's stutter is a speech impediment caused by a traumatic brain injury.  (D.E. 9-1 at 3.)

1

Plaintiff alleges Robin Roe 1 mocked him while knowing that Plaintiff "possessed a speech defect that caused him to stutter." (D.E. 9-1 at 6 ¶ 15.) Plaintiff maintains that as a result of Robin Roe's actions he has "sustained severe and painful psychological injuries" requiring him to "obtain[] medical treatment for his great pain and suffering." (*Id.* ¶ 17.) Plaintiff alleges that Robin Roe 1's tortious acts have "incapacitated him from enjoying his life," leaving him with "permanent disabilities" that will require ongoing medical treatment. (*Id.*); and

**WHEREAS** based on the previously described event, Plaintiff's Second Amended Complaint asserts four causes of action: intentional infliction of emotional distress against Robin Roe 1 and Atlantic Health (Counts I and II, respectively), and negligent infliction of emotional distress[3] against Robin Roe 1 and Atlantic Health (Counts III and IV, respectively). (D.E. 9-1 at 5–11); and

**WHEREAS** Defendant Atlantic Health moved to dismiss Plaintiff's Second Amended Complaint on October 16, 2025 and the parties timely completed briefing. (D.E. 11, 14, 15); and

**WHEREAS** when deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); and

**WHEREAS** the analysis involves a two-step approach. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). First, the court parses between the factual and legal elements of

---

[3] Counts III and IV have headings labeling them as "negligence" claims, but the allegations pled sound in negligent infliction of emotional distress. (*See, e.g.*, D.E. 9-1 at 9 ¶ 30 ("But for said breach of [d]uty, Plaintiff Paul Cuff would not have suffered severe emotional distress.").) Plaintiff concedes as much in his Opposition Brief. (D.E. 14 ("Opp. Br.") at 3.) As such, this Court construes Counts III and IV to plead negligent infliction of emotional distress.

a claim, treating "all of the complaint's well-pleaded facts as true," but disregarding any legal conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, the court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679); and

**WHEREAS** when a plaintiff pleads factual content that enables the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).[4] *Id.* The court considers "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Belichick*, 605 F.3d at 230 (citation omitted); and

**WHEREAS** to prevail on an intentional infliction of emotional distress claim, a plaintiff must demonstrate that: (1) the defendant acted intentionally or recklessly, "both in doing the act and producing the emotional distress"; (2) the defendant's conduct was "outrageous and extreme," going beyond "all bounds of decency"; (3) the defendant's actions proximately caused the emotional distress; and (4) distress so severe such that "no reasonable person could be expected to endure it." *Church v. Collection Bureau of Hudson Valley*, 704 F. Supp. 3d 521, 530–31 (D.N.J. 2023) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 532 (D.N.J. 2008)). "[U]nder New Jersey law, intentional infliction of emotional distress comprehends conduct so outrageous in

---

[4] Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Weber v. Don Longo, Inc.*, No. 15-2406, 2018 WL 1135333, at *17 (D.N.J. Mar. 2, 2018) (alteration in original) (quoting *Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 114 (3d Cir. 1996)).  The inquiry is objective, so as to "ensure[] that defendants are not held liable when hypersensitive plaintiffs suffer severe emotional trauma from conduct that would not seriously wound most people." *Taylor v. Metzger*, 706 A.2d 685, 697 (N.J. 1998); and

**WHEREAS** Plaintiff's Second Amended Complaint fails to state a plausible IIED claim. Despite having three bites at the apple, Plaintiff still cannot assert specific information as to what Robin Roe 1 said that would amount to conduct so outrageous and extreme as to go beyond "all bounds of decency." *See Church*, 704 F. Supp. 3d at 531.  Plaintiff's reliance on *Taylor*—in which the New Jersey Supreme Court recognized that a single event or slur *could* be extreme and outrageous—is misplaced, given the court's categorization of racial insults as "different qualitatively" since "they conjure up the entire history of racial discrimination in this country." 706 A.2d at 695–96.  Further, the court noted a jury could find the defendant's statement to amount to extreme and outrageous conduct given the defendant's position of authority and power over the plaintiff. *Id.* at 695–96.  Here, however, not only is there no special relationship, but Plaintiff also fails to set forth how the words uttered by Robin Roe 1 rise to the extreme level required for proving an IIED claim.  Thus, Counts I and II are dismissed; and

**WHEREAS** "[t]o establish a claim of negligent infliction of emotional distress, [a] plaintiff must show that:  (1) defendant owed a duty to plaintiff; (2) defendant breached that duty; (3) plaintiff suffered severe emotional distress; and (4) defendant's breach proximately caused plaintiff's emotional distress." *Johnson v. City of Hoboken*, 299 A.3d 856, 864 (N.J. Super. Ct.

App. Div. 2023).  As with an IIED claim, a plaintiff must show severe emotional distress for a negligent infliction of emotional distress ("NIED") claim.  *Id.*  Plaintiff has not pleaded facts supporting a finding that Defendant Atlantic Health owed him a duty.  Plaintiff relies on the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-4, as a basis for finding a duty.  (D.E. 14 at 3–4.)  However, liability and recovery under the NJLAD are subject to a different legal inquiry.  *Cf. Tarr v. Ciasulli*, 853 A.2d 921, 928 (N.J. 2004) (noting emotional distress damages under the NJLAD "require a far less stringent standard of proof than that required for a tort-based emotional distress cause of action").  For an NIED claim, "[w]hether the defendant has a duty of care to the plaintiff depends on whether it was foreseeable that the plaintiff would be seriously, mentally distressed."  *Dello Russo v. Nagel*, 817 A.2d 426, 435 (N.J. Super. Ct. App. Div. 2003).  Given that Plaintiff's Second Amended Complaint fails to plead duty, Counts III and IV are dismissed; therefore

IT IS, on this 15th day of May 2026,

ORDERED that Defendant's Motion is GRANTED; and it is further

ORDERED that Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

SO ORDERED.

___/s/ Susan D. Wigenton_____
SUSAN D. WIGENTON, U.S.D.J.

Orig:      Clerk
cc:        Parties
           Cari Fais, U.S.M.J.